(June 2, 1966)

■ ELIZABETH GIMBEL, Respondent, v. HONEST TOM, INC., et al., Appellants.— Judgment in favor of plaintiff for $45,188.10, unanimously reversed, on the law, on the facts and in the exercise of discretion, the judgment vacated and a new trial granted, with $50 costs and disbursements to abide the event, unless plaintiff stipulates to accept $30,000 in place of the amount allowed, in which event the judgment is modified to that extent and affirmed as so modified, without costs and without disbursements. In this personal injury negligence action, the amount of the judgment is excessive and not warranted by the record. Settle order on notice. Concur — Botein, P. J., Rabin, Stevens and Eager, JJ.

■ WILLIAM J. TONE, Appellant, v. AGNES J. TONE, Respondent.— Order, entered on March 30, 1966, unanimously affirmed, without costs or disbursements. Our affirmance of the award of temporary alimony is, however, not to have any effect on the Trial Judge in his determination as to permanent alimony, which determination should rest entirely upon the proof adduced at the trial. Concur — Botein, P. J., McNally, Eager, Steuer and Capozzoli, JJ.

■ In the Matter of LUDMILLA NOVIKOFF v. VLADIMIR POLANSKOY et al.— Motion for an order directing respondents to pay certain sums of money during the pendency of the appeal is in all respects denied. That branch of the motion seeking poor person relief is denied as unnecessary. By statute and court rule the appellant may appeal from a determination of the Family Court upon the original record and six typewritten copies of the brief and appendix with proof of service of one copy (Family Ct. Act, § 1016; CPLR 5526; Rules of the Appellate Division, First Department, part 1, rules V, VI). Concur — Botein, P. J., McNally, Eager, Steuer and Capozzoli, JJ.

(June 7, 1966)

■ In the Matter of the Appointment of a Committee of the Person and Property of SARAH PASTERNACK.— Motion and cross motion to dismiss appeal is granted, without costs, on the ground that the order appealed from having been obtained without opposition from any interested party, including petitioner-appellant, and having no direction, either to petitioner or the estate for the payment of allowances and disbursements, as required by the statute (CPLR 1204), petitioner neither directly nor as one interested in the decedent's estate is bound or limited by the order. Hence, petitioner-appellant is not an aggrieved party who may prosecute the appeal. Concur — Breitel, J. P., McNally, Stevens and Eager, JJ.